**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| **MEGAN JANETIS,**<br>**Individually, and for Others Similarly**<br>**Situated,**<br>　　　　　　**Plaintiffs,**<br><br>　　　**v.**<br><br>**LIFEBRIDGE HEALTH, INC.,**<br><br>　　　　**Defendant.** | **Case No.  1:23-CV-02628-ABA** |

**DEFENDANT'S ANSWER TO COMPLAINT**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant LifeBridge Health, Inc. ("LifeBridge" or "Defendant"), by and through its undersigned counsel, submits this Answer to Plaintiff Megan Janetis's ("Plaintiff") Original Class and Collective Action Complaint ("Complaint").  For convenience only, and not to be construed as any admission, Defendant uses the headings used by Plaintiff in her Complaint.

**SUMMARY**

1.　　Defendant acknowledges that Plaintiff purports to bring this case as a class and collective action to recover allegedly unpaid wages and other damages.  Defendant denies that Plaintiff is entitled to proceed on behalf of a class or collective, and Defendant denies that Plaintiff or any other putative class or collective member are entitled to any remedies or relief.

2.　　Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.　　Defendant admits that Plaintiff worked more than 40 hours in some weeks.  The remaining allegations in paragraph 3 are denied.

4.      Defendant denies that Plaintiff or any other individuals were not paid for all hours worked.

5.      Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

## ALLEGATIONS AS TO JURISDICTION AND VENUE

11.     Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits that it is incorporated in Maryland.  The remaining allegations in paragraph 13 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14.     Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

## ALLEGATONS AS TO PARTIES

15.     Defendant admits that Plaintiff worked as an RN at Levindale Hebrew Geriatric Center and Hospital.  The remaining allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

16.     Defendant admits that Plaintiff was classified as non-exempt and paid on an hourly basis.  The remaining allegations contained in paragraph 16 of Plaintiff's Complaint are denied.

17.     Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant acknowledges that Plaintiff purports to bring this action on behalf of herself and other allegedly similarly situated employees.  Defendant denies that Plaintiff is entitled to proceed on behalf of any other employees, and Defendant denies the remaining allegations in paragraph 19.

20.     Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant acknowledges Plaintiff's definition of an "FLSA Collective" in paragraph 24 of Plaintiff's Complaint, but Defendant denies that any individuals are similarly situated and denies that certification of the stated collective is appropriate.

25.      Defendant acknowledges that Plaintiff seeks to represent a class under the MWHL and MWPCL pursuant to Fed. R. Civ. P. 23, but Defendant denies that Plaintiff is entitled to represent such a class or proceed as a class action.

26.      Defendant acknowledges Plaintiff's definition of the "Maryland Class" in paragraph 26 of Plaintiff's Complaint, but Defendant denies that the individuals are similarly situated and denies that certification of the stated class is appropriate.

27.      Defendant acknowledges Plaintiff's definitions of the "Putative Class Members," but Defendant denies that Plaintiff is entitled to proceed on behalf of any such individuals.

28.      Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.      Defendant admits the allegations contained in paragraph 29 of Plaintiff's Complaint.

## ALLEGATIONS AS TO COVERAGE UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")

30.      The allegations contained in paragraph 30 constitute legal conclusions to which no response is required.  To the extent any further response is required, Defendant denies the allegations in paragraph 30.

31.      The allegations contained in paragraph 31 constitute legal conclusions to which no response is required.  To the extent any further response is required, Defendant denies the allegations in paragraph 31.

32.      The allegations contained in paragraph 32 constitute legal conclusions to which no response is required.  To the extent any further response is required, Defendant denies the allegations in paragraph 32.

33.     Defendant admits the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     The allegations contained in paragraph 35 constitute legal conclusions to which no response is required.  To the extent any further response is required, Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

## ALLEGATIONS OF FACTS

39.     Defendant admits the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendant admits that Plaintiff worked as an RN at Levindale Hebrew Geriatric Center and Hospital.   The remaining allegations in paragraph 43 of Plaintiff's Complaint are denied.

44.     Defendant admits that Plaintiff's primary duties included providing direct patient care.

45.     Defendant admits that Plaintiff was classified as non-exempt and paid on an hourly basis.  The remaining allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations contained in paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations contained in paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.     Defendant denies the allegations contained in paragraph 73 of Plaintiff's Complaint.

74.     Defendant denies the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.     Defendant denies the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     Defendant denies the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.     Defendant denies the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.     Defendant admits the allegations contained in paragraph 78 of Plaintiff's Complaint.

79.     Defendant denies the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations contained in paragraph 84 of Plaintiff's Complaint.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

85.     Defendant incorporates its answers to the foregoing paragraphs of the Complaint as if fully restated herein.

86.     Defendant acknowledges that Plaintiff purports to bring her claims as a class and collective action, but Defendant denies that Plaintiff is entitled to proceed on behalf of a class or collective under 219 U.S.C. § 216(b) or Fed. R. Civ. P. 23.

87.     Defendant denies the allegations contained in paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations contained in paragraph 88 of Plaintiff's Complaint.

89.     Defendant denies the allegations contained in paragraph 89 of Plaintiff's Complaint.

90.     Defendant denies the allegations contained in paragraph 90 of Plaintiff's Complaint.

91.     Defendant denies the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.     Defendant denies the allegations contained in paragraph 93 of Plaintiff's Complaint.

94.     Defendant denies the allegations contained in paragraph 94 of Plaintiff's Complaint.

95.     Defendant admits that records of the work hours recorded by the Putative Class Members were maintained.  Defendant denies the remaining allegations in paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.     Defendant admits that records of the times that Putative Class Members punched in and out for shifts were maintained.  Defendant denies the remaining allegations in paragraph 97 of Plaintiff's Complaint.

98.     Defendant denies the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of Plaintiff's Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of Plaintiff's Complaint.

102.    Defendant denies the allegations contained in paragraph 102 of Plaintiff's Complaint.

103.    Defendant denies the allegations contained in paragraph 103 of Plaintiff's Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of Plaintiff's Complaint.

105.    Defendant denies the allegations contained in paragraph 105 of Plaintiff's Complaint.

106.    Defendant denies the allegations contained in paragraph 106 of Plaintiff's Complaint.

107.    Defendant denies the allegations contained in paragraph 107 of Plaintiff's Complaint.

108.    Defendant denies the allegations contained in paragraph 108 of Plaintiff's Complaint.

109.    Defendant denies the allegations contained in paragraph 109 of Plaintiff's Complaint.

110.    Defendant denies the allegations contained in paragraph 110 of Plaintiff's Complaint and all of its subparts.

111.    Defendant denies the allegations contained in paragraph 111 of Plaintiff's Complaint.

112.    Defendant denies the allegations contained in paragraph 112 of Plaintiff's Complaint.

113.    Defendant denies the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.    Defendant denies the allegations contained in paragraph 114 of Plaintiff's Complaint.

115.    Defendant denies the allegations contained in paragraph 115 of Plaintiff's Complaint.

116.    Defendant denies the allegations contained in paragraph 116 of Plaintiff's Complaint.

## ALLEGATIONS THAT LIFEBRIDGE'S WAGE VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA AND/OR MARYLAND WAGE LAWS

117.   Defendant incorporates its answers to the foregoing paragraphs of the Complaint as if fully restated herein.

118.   Defendant denies the allegations contained in paragraph 118 of Plaintiff's Complaint.

119.   Defendant denies the allegations contained in paragraph 119 of Plaintiff's Complaint.

120.   Defendant denies the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.   Defendant denies the allegations contained in paragraph 121 of Plaintiff's Complaint.

122.   It is admitted that some Putative Class Members were non-exempt and eligible for overtime pay for overtime hours.  Except as otherwise stated, Defendant denies the allegations contained in paragraph 122 of Plaintiff's Complaint.

123.   It is admitted that some Putative Class Members were paid on an hourly basis. Except as otherwise stated, Defendant denies the allegations contained in paragraph 123 of Plaintiff's Complaint.

124.   Defendant denies the allegations contained in paragraph 124 of Plaintiff's Complaint.

125.   Defendant denies the allegations contained in paragraph 125 of Plaintiff's Complaint.

126.    Defendant denies the allegations contained in paragraph 126 of Plaintiff's Complaint.

127.    Defendant denies the allegations contained in paragraph 127 of Plaintiff's Complaint.

128.    Defendant denies the allegations contained in paragraph 128 of Plaintiff's Complaint.

129.    Defendant denies the allegations contained in paragraph 129 of Plaintiff's Complaint.

130.    Defendant denies the allegations contained in paragraph 130 of Plaintiff's Complaint.

131.    Defendant denies the allegations contained in paragraph 131 of Plaintiff's Complaint.

132.    Defendant denies the allegations contained in paragraph 132 of Plaintiff's Complaint.

133.    Defendant denies the allegations contained in paragraph 133 of Plaintiff's Complaint.

134.    Defendant denies the allegations contained in paragraph 134 of Plaintiff's Complaint.

135.    Defendant denies the allegations contained in paragraph 135 of Plaintiff's Complaint.

136.    Defendant denies the allegations contained in paragraph 136 of Plaintiff's Complaint.

137.    Defendant denies the allegations contained in paragraph 137 of Plaintiff's Complaint.

138.    Defendant denies the allegations contained in paragraph 138 of Plaintiff's Complaint.

139.    Defendant denies the allegations contained in paragraph 139 of Plaintiff's Complaint.

140.    Defendant denies the allegations contained in paragraph 140 of Plaintiff's Complaint.

141.    Defendant admits that the lawsuits referenced in paragraph 141 of Plaintiff's Complaint were filed.  Defendant denies having any liability in those lawsuits.

## ALLEGATIONS AS TO COUNT I

142.    Defendant incorporates its answers to the foregoing paragraphs of the Complaint as if fully restated herein.

143.    Defendant acknowledges that Plaintiff purports to brings her FLSA claim on behalf of others, but Defendant denies that Plaintiff is entitled to proceed on behalf of a collective.

144.    Defendant denies the allegations contained in paragraph 144 of Plaintiff's Complaint.

145.    Defendant denies the allegations contained in paragraph 145 of Plaintiff's Complaint.

146.    Defendant denies the allegations contained in paragraph 146 of Plaintiff's Complaint.

## **ALLEGATIONS AS TO COUNT II**

147.    Defendant incorporates its answers to the foregoing paragraphs of the Complaint as if fully restated herein.

148.    Defendant acknowledges that Plaintiff purports to brings her MWHL claim on behalf of others, but Defendant denies that Plaintiff is entitled to proceed on behalf of a class.

149.    Defendant denies the allegations contained in paragraph 149 of Plaintiff's Complaint.

150.    Defendant denies the allegations contained in paragraph 150 of Plaintiff's Complaint.

151.    Defendant denies the allegations contained in paragraph 151 of Plaintiff's Complaint.

152.    Paragraph 152 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it was required to pay Plaintiff or the Maryland Class Members overtime wages.

153.    Defendant denies the allegations contained in paragraph 153 of Plaintiff's Complaint.

154.    Defendant denies the allegations contained in paragraph 154 of Plaintiff's Complaint.

155.    Defendant denies the allegations contained in paragraph 155 of Plaintiff's Complaint.

## **ALLEGATIONS AS TO COUNT III**

156.    Defendant incorporates its answers to the foregoing paragraphs of the Complaint as if fully restated herein.

16

157.     Defendant acknowledges that Plaintiff purports to brings her MWPCL claim on behalf of others, but Defendant denies that Plaintiff is entitled to proceed on behalf of a class.

158.     Defendant denies the allegations contained in paragraph 158 of Plaintiff's Complaint.

159.     Defendant denies the allegations contained in paragraph 159 of Plaintiff's Complaint.

160.     Defendant denies the allegations contained in paragraph 160 of Plaintiff's Complaint.

161.     Paragraph 161 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it was required to pay Plaintiff or the Maryland Class Members wages.

162.     Defendant denies the allegations contained in paragraph 162 of Plaintiff's Complaint.

163.     Defendant denies the allegations contained in paragraph 163 of Plaintiff's Complaint.

164.     Defendant denies the allegations contained in paragraph 164 of Plaintiff's Complaint.

165.     Defendant denies the allegations contained in paragraph 165 of Plaintiff's Complaint.

166.     Defendant denies the allegations contained in paragraph 166 of Plaintiff's Complaint.

167.     Defendant denies the allegations contained in paragraph 167 of Plaintiff's Complaint.

168.    Defendant denies the allegations contained in paragraph 168 of Plaintiff's Complaint.

## JURY DEMAND

169.    Defendant objects to Plaintiff's prayer for a jury trial with respect to any claim, issue, or element of relief with respect to which Plaintiff is not entitled to a jury trial as a matter of right.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, or to any other relief.

## FURTHER DENIAL AND DEFENSES

Defendant further responds to Plaintiff's Complaint by stating that any allegation not specifically admitted herein is denied. Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following further defenses.  In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff.  Because Plaintiff's Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, Defendant reserves the right to assert additional defenses.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiff's and the putative class and collective members' claims are barred because they lack standing to bring claims against Defendant, including because Defendant was and is not their employer under the FLSA, MWHL, or MWPCL.

### THIRD DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, by the doctrine of waiver.

### FOURTH DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, by the doctrine of estoppel, including to the extent that their claimed damages were caused, in whole or in part, by their failure to follow their respective employer's policies or their failure to record their alleged work time at the time the purported work was allegedly performed.

### FIFTH DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, by the doctrine of *in pari delicto*.

### EIGHTH DEFENSE

Plaintiff may not maintain this action as a collective action, pursuant to 29 U.S.C. § 216(b), because Plaintiff is not similarly situated to any other individual with respect to the allegations and claims made in this lawsuit.

## NINTH DEFENSE

Plaintiff's claims, and the claims of any other person on whose behalf Plaintiff seeks to assert a claim are barred in whole or in part by the applicable statutes and/or other periods of limitations.

## TENTH DEFENSE

Plaintiff's and putative class and collective members' claims are barred, in whole or in part, because they failed to demand payment.

## ELEVENTH DEFENSE

The type of claims for which Plaintiff purports to bring a collective and class action are matters on which individual issues predominate and are not appropriate for a collective or class action.

## TWELFTH DEFENSE

Plaintiff's claims, and the claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred, in whole or in part, because they cannot establish that any acts or omissions that allegedly violated the FLSA were willful.

## THIRTEENTH DEFENSE

Plaintiff's claims, and the claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred to the extent that their respective employer's actions were taken in good faith, in conformity with, and in reliance upon established rulings, administrative regulations and interpretations of the FLSA, within the meaning of 29 U.S.C. § 259.

## FOURTEENTH DEFENSE

Plaintiff's claims, and the claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred because their respective employer's actions were done

in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260.  Thus, even if a violation of the FLSA is found, neither Plaintiff nor any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA is entitled to liquidated damages under the FLSA.

## FIFTEENTH DEFENSE

Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that she or any person on whose behalf she seeks to assert a claim involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA, MWHL or MWPCL.

## SIXTEENTH DEFENSE

Plaintiff's claims under the FLSA, MWHL and MWPCL are barred by application of the doctrine of payment.  Plaintiff and all individuals on whose behalf Plaintiff seeks to assert a claim have been paid all wages due.

## SEVENTEENTH DEFENSE

Plaintiff's and putative class and collective members' claims for unpaid work time during bona fide meal periods under the FLSA, MWHL and MWPCL are precluded by the "predominant benefit" test.  Because the employees are the predominant beneficiaries of the meal periods, even if employees perform some compensable work during an otherwise bona fide meal period, the entire break remains non-compensable.  *See, e.g., Roy v. Cty. Of Lexington*, 141 F.3d 533 (4th Cir. 1998).

## EIGHTTEENTH DEFENSE

Some or all of Plaintiff's state law claims cannot be certified as a class action under Rule 23 as the determination of liability for each employee would be highly individualized and would

predominate over any trial, trial of the case as a class action would not be superior to trials of individual claims, and Plaintiff cannot establish a common, unlawful practice applicable to the putative class.

## NINETEENTH DEFENSE

Plaintiff's and putative class and collective members' claims for uncompensated work time are barred to the extent that their respective employer did not have knowledge that any such work was performed.

## TWENTIETH DEFENSE

Plaintiff's and putative class and collective members' claims for damages are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA, MWHL or MWPCL, including but not limited to credits under 29 U.S.C. § 207(h).

## TWENTY-FIRST DEFENSE

Plaintiff's claim that she and putative class and collective members did not take some or all of their unpaid meal periods cannot be certified as a class action under Rule 23 or as a collective action under the FLSA because the determination of whether each individual did not take some or all of his/her unpaid breaks would be highly individualized, and individual issues would predominate over any trial.  In addition, trial of the case as a class action would not be superior to trials of individual claims.

## TWENTY-SECOND DEFENSE

Plaintiff's and putative class and collective members' claims under the MWPCL are barred because their respective employer did not, at any relevant time, have any "agreement" with any employees regarding pay practices.  Such pay practices are and always have been, at the sole

discretion of the respective employers and do not require any "agreement" with Plaintiff or any other employees.

### TWENTY-THIRD DEFENSE

To the extent that Plaintiff or any putative class or collective member shortened a 30-minute meal period to 20 minutes or more, such meal period remains *bona fide* and non-compensable, as such facts constitute "special conditions" under 29 C.F.R. § 785.19.

### TWENTY-FOURTH DEFENSE

The claims asserted in the Complaint on behalf of putative class and collective members are preempted and barred by the Labor Management Relations Act ("LMRA").

### TWENTY-FIFTH DEFENSE

The state law claims of Plaintiff and putative class and collective members are preempted and barred by other federal laws, including by the Fair Labor Standards Act ("FLSA").

### TWENTY-SIXTH DEFENSE

Plaintiff's attempts to pursue claims in this lawsuit as a class and collective action violate Defendant's state and federal constitutional due process and jury trial rights.

### TWENTY-SEVENTH DEFENSE

Plaintiff and putative class and collective members were entitled to compensation only for time actually spent working; preliminary and post-liminary activities are not compensable working time.

### TWENTY-EIGHTH DEFENSE

The Complaint fails to identify with sufficient particularity any class or group that Plaintiff seeks to represent in this action.

### TWENTY-NINTH DEFENSE

Plaintiff's and putative class and collective members' claims are barred to the extent they worked any unreported hours in violation of their respective employer's policies and/or concealed facts from their respective employer.

### THIRTIETH DEFENSE

Neither Plaintiff nor any other person she purports to represent is entitled to recover any damages that he/she failed to mitigate.

### THIRTY-FIRST DEFENSE

If Plaintiff or any putative class or collective members sustained any damages, although this is not admitted and is specifically denied, their respective employer is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff and any putative class or collective members owed to their respective employer against any judgment that may be entered.

### THIRTY-SECOND DEFENSE

Plaintiff's and putative class and collective members' claims for prejudgment interest are barred because prejudgment interest is not recoverable under applicable law.

### THIRTY-THIRD DEFENSE

The claims, including any claims for treble damages and/or attorney's fees should be denied because any act or omission allegedly giving rise to Plaintiff's or any putative class or collective members' claims was made as a result of a bona fide dispute, and their respective employer had reasonable grounds and a good faith basis to believe that its acts or omissions did not violate federal or Maryland law.

## THIRTY-FOURTH DEFENSE

To the extent that Plaintiff and/or other putative class or collective members were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

## THIRTY-FIFTH DEFENSE

Neither Plaintiff nor any putative class or collective member was or is an employee of Defendant.

## THIRTY-SIXTH DEFENSE

Any claim under the FLSA for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

## THIRTY-SEVENTH DEFENSE

Plaintiff's and putative class and collective members' claims are barred, in whole or part, by the doctrines of accord and satisfaction.

## THIRTY-EIGHTH DEFENSE

To the extent that Plaintiff's and/or putative class or collective members' alleged damages were caused, in whole or in part, by their failure to follow their respective employer's policies and their failure to record their additional alleged working time at the time the purported work was allegedly performed, their claims are barred by the doctrine of avoidable consequences.

**<u>CONCLUSION</u>**

WHEREFORE, having answered the Complaint, Defendant requests that:

        a.        Judgment be entered in favor of Defendant;

        b.        Plaintiff's Complaint be dismissed with prejudice;

        c.        Defendant be awarded its costs and attorneys' fees incurred in defending this action;

        d.        Plaintiff take nothing by way of her Complaint; and

        e.        Defendant be awarded such other and further relief as the Court deems appropriate.

Dated:  October 26, 2023

Respectfully submitted,

              /s/
_____
Emmett F. McGee, Jr. (Bar No. 08462)
Yedidyah Charner (Bar No. 20968)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2003 (direct)
410.415.2001 (facsimile)
emmett.mcgee@jacksonlewis.com
jed.charner@jacksonlewis.com

*Counsel for Defendant LifeBridge Health, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 26, 2023, the foregoing was served via this Court's ECF system on all attorneys on record.

*/s/Yedidyah Charner*
Yedidyah Charner (Bar No. 20968)

4859-9920-1418, v. 2